## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**JERMAINE EDWARDS**                                                                                   **PLAINTIFF**

**v.**                                      **No. 5:13CV00113 JLH/JTR**

**CAROLYN W. CALVIN,** *ACTING COMMISSIONER***,**
**SOCIAL SECURITY ADMINISTARTION**                                  **DEFENDANT**

### Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## **Recommended Disposition**

Jermaine Edwards seeks judicial review of an agency decision terminating his disability benefits.[3] Edwards received disability benefits beginning on February 9, 2008.[4] At that time, Edwards was very ill. He had cardiomyopathy, congestive heart failure, hyperthyroidism, hypertension, acute liver and kidney failure. Until seeking treatment for an unrelated complaint, Edwards was unaware that he had any of those medical problems.[5] He was 33 years old, with a history of tobacco, alcohol, cocaine, marijuana, and amphetamine use.

Because Edwards's medical condition prevented him from doing sedentary work,[6] the Commissioner awarded disability benefits. Edwards received treatment for his illnesses and abstained from further drug use.

As part of the mandatory review process, the Commissioner determined Edwards had medically improved on May 1, 2011. The Commissioner notified

---

[3] SSA record at p. 13.

[4] *Id*. at p. 79.

[5] *Id*. at p. 139. The doctor speculated that Edwards didn't know he was ill because he was used to his symptoms due to an extended history of cocaine use. *Id*. at p. 255.

[6] *Id*. at pp. 15, 255 & 519.

Edwards that his disability benefits would cease.[7] Edwards claimed that he was still disabled and that his benefits should be continued.[8] The Commissioner's ALJ held a hearing and issued a decision denying the request.

**The Commissioner's decision**. The ALJ determined that, as of May 1, 2011, Edwards had medically improved.[9] Congestive heart failure resolved. There was no evidence of liver or kidney failure.[10] Based on this improvement, the ALJ determined that Edwards could do the full range of sedentary work.[11] Because a vocational expert identified available sedentary work,[12] the ALJ determined Edwards was no longer disabled as of May 1, 2011.[13] Edwards asked the Commissioner's Appeals Council to review the ALJ's decision.[14]

After the Appeals Council declined to review,[15] the ALJ's decision became the

---

[7]*Id*. at p. 61.

[8]*Id*. at p. 64.

[9]*Id*. at p. 15.

[10]*Id*. at p. 16.

[11]*Id*.

[12]*Id*. at p. 54.

[13]*Id*. at p. 26.

[14]*Id*. at p. 8.

[15]*Id*. at p. 1.

Commissioner's final decision for the purpose of judicial review.[16] Edwards filed this case to challenge the decision.[17] In reviewing the decision, the court must determine whether substantial evidence supports the decision that Edwards's medical impairments improved to the point that he can do sedentary work.[18] This recommendation explains why substantial evidence supports the decision.

**Edward's allegations**. Edwards claims he is unable to do the full range of sedentary work. He relies on the state agency expert's postural limitations and the agency examining doctor's report that he has moderate limitations in walking, standing, sitting, lifting, carrying, handling, fingering, seeing, hearing, speaking. He argues that failing to identify hyperthyroidism and hypertension as new impairments undermines the ALJ's determination about his ability to work. He maintains his

---

[16]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[17]Docket entry # 1.

[18]*See* 42 U.S.C. § 423(f)(1) (decision to cease benefits must be supported by "substantial evidence which demonstrates that—(A) there has been any medical improvement in the individual's impairment or combination of impairments…and (B) the individual is now able to engage in substantial gainful activity); *Delph v. Astrue*, 538 F.3d 940, 945 (8th Cir. 2008) ("When benefits have been denied based on a determination that a claimant's disability has ceased, the issue is whether the claimant's medical impairments have improved to the point where he is able to perform substantial gainful activity.").

cardiologist's opinion shows he cannot do the full range of sedentary work. For these reasons, he maintains the decision is unsupported by substantial evidence.[19]

**Applicable legal principles**. A decision to cease benefits must be supported by substantial evidence demonstrating that there has been medical improvement in the claimant's impairment and the claimant is now able to engage in substantial gainful activity.[20] For substantial evidence to exist in this case, a reasonable mind must accept the evidence as adequate to show Edwards improved enough to do the full range of sedentary work.[21] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[22]

**Medical improvement.** The first issue before the court is medical improvement. The Commissioner determines medical improvement by comparing the claimant's present condition with his condition at the time benefits were awarded. To

---

[19]Docket entry # 12.

[20]*See* 42 U.S.C. § 423(f)(1).

[21]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[22]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

do that, the Commissioner compares current medical evidence with the prior medical evidence to determine whether "there have been changes (improvement) in the symptoms, signs or laboratory findings associated with [the claimant's] impairment(s)."[23] This requires the court to determine whether substantial medical evidence shows improvement in Edwards's symptoms, signs or laboratory findings as of May 1, 2011.

There's no serious question that new evidence, when compared to the prior evidence, shows medical improvement. Edwards still has cardiomyopathy — "a chronic disease of the heart muscle (myocardium), in which the muscle is abnormally enlarged, thickened, and/or stiffened"[24] — but his congestive heart failure is stable.[25] The blood flow from the left ventricle improved from 20% in February 2008 to 35-40% in March 2011.[26] At 20%, Edwards was at risk for sudden cardiac death. At 35-40%, his heart isn't normal, but Edwards is certainly better.[27] In November 2011, blood flow improved to 46%. Edwards's cardiologist no longer includes congestive

---

[23] 20 CFR § 404.1594 (c)(1).

[24] Judith Sims, 2 The Gale Encyclopedia of Med. 856 (4th ed.).

[25] SSA record at p. 553.

[26] Compare id. at p. 323, with, id. at p. 561.

[27] A rate of 40% or less signals heart failure.

heart failure as a diagnosis.[28]

The liver and kidneys have also improved. Edwards had acute kidney failure and liver disease in April 2008,[29] but there was no evidence of those conditions in May 2001. When he presented for a PCP routine followup in May 2011, he reported no problems — no chest pain, shortness of breath, fatigue, irregular heart beat, or swelling his legs.[30] The same month, the agency examiner found the left leg is weaker than the right leg, and the muscles in the left calf have shrunk in comparison to the right leg — the left calf measures 9.5" compared to 10.5" on the right calf.[31] The medical evidence reflects Edwards still had severe impairments in May 2011, but his medical condition had significantly improved.[32] A reasonable mind would accept the evidence medical evidence as adequate to show medical improvement.

**Ability to work**. The next issue before the court is whether Edwards could work in May 2011. If a claimant's medical condition improves, and he still has severe impairments, the Commissioner must determine whether the claimant can do his past

---

[28]SSA record at p. 618.

[29]*Id*. at pp. 486-87.

[30]*Id*. at pp. 584-85.

[31]*Id*. at pp. 567-68.

[32]*Id*. at p. 599.

work, and if not, whether he can perform other work.[33] There's no dispute that Edwards could not do his past work as a fish cleaner in May 2011, so the court must consider whether substantial evidence supports the determination that Edwards can do a full range of sedentary work.

Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[34] According to the agency medical expert, Edwards can lift 10 pounds occasionally and less than 10 pounds frequently.[35] This ability is consistent with the ability to do sedentary work.

In May 2012, Edwards testified that he can't do sedentary work because he takes a diuretic medication that requires frequent bathroom breaks and because he must elevate his left leg. But Edwards was no longer taking the medication. He reported no problems that would prevent sedentary work; he denied chest pain, shortness of breath, fatigue, irregular heartbeat, joint pain, cough, and leg swelling.[36]

Edwards reported no problems with sitting. In September 2008, he was so ill

---

[33] 20 CFR § 404.1594(f).

[34] 20 C.F.R. §§ 404.1567(a) & 416.967(a).

[35] SSA record at p. 593.

[36] *Id.* at p. 601.

he used a wheelchair,[37] but in May 2011, he could walk without the use of a cane or walker, albeit with a left-sided limp.[38] Edwards's reliance on the agency medical expert's postural limitations — occasional climbing, balancing, stooping, kneeling, crouching, crawling[39] — provides no basis for relief because sedentary work does not implicate those limitations. Postural limitations do not ordinarily "erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work."[40] "Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions."[41] Edwards has full use of his hands and fingers.[42]

Edwards's reliance on the examining doctor's vague report of "moderate" restrictions[43] provides no basis for relief because the examiner's medical findings do not include restrictions that significantly erode the occupational base for a full range

---

[37]*Id*. at p. 519.

[38]*Id*. at p. 567.

[39]*Id*. at p. 594.

[40]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[41]*Id*.

[42]SSA record at p. 567.

[43]*Id*. at p. 568.

of unskilled sedentary work. The report can only apply to walking, standing, lifting, and carrying, because the examiner's only negative finding was left-leg weakness. Sedentary work requires little, if any, walking, standing, lifting, or carrying.

The ALJ asked a vocational expert about available sedentary work.[44] The vocational expert identified table inspector as representative sedentary work.[45] The vocational expert's response shows work exists that Edwards can do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[46] Because such work exists, substantial evidence supports the decision that Edwards's medical impairments improved in May 2011 to the point that he could do sedentary work.

To the extent Edwards relies on his cardiologist's belated opinion,[47] the opinion does not undermine the ALJ's decision. The opinion is generally consistent with the ability to do sedentary work, with the exception of speculating that Edwards would miss work more than four days per month.[48] The cardiologist prepared the opinion

---

[44]*Id.* at p. 54.

[45]*Id.*

[46]42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).

[47]SSA record at p. 632.

[48]*Id.* at p. 636 (opining that it is "difficult to estimate").

two months after the unfavorable decision, but when the cardiologist saw Edwards 10 months earlier, Edwards's only complaint was some occasional chest pain and shortness of breath, which Edwards described as "not bad."[49] Notably, the cardiologist instructed Edwards to exercise.[50]

Edwards's complaint about hyperthyroidism and hypertension provides no basis for relief because those are not new impairments. He had those conditions when benefits were awarded. He receives treatment for both conditions. The ALJ discussed those conditions in the unfavorable decision.

**Conclusion and recommendation**. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Edwards's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

It is so ordered this 27th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[49]*Id*. at p. 618.

[50]*Id*. at p. 619.